UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NICHOLAS RUBINO          Plaintiff, | : | CIVIL ACTION NO. |
| vs. | | |
| JOHN R. SADDLEMIRE, sued in his individual and official capacities          Defendant | :  :  | [JURY TRIAL DEMAND]  DECEMBER 16, 2005 |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. This is a civil rights action brought pursuant to the Civil Rights Act of 1866 for monetary, injunctive and declaratory relief against a state university official. In particular, the plaintiff seeks relief against said official for the arbitrary and capricious manner in which a student disciplinary hearing was conducted, in violation of the plaintiffs right to due process of law.

### II. JURISDICTION AND VENUE

2. This action is brought pursuant to Title 42, United States Code §§1983 and 1988, and the first, fifth and fourteenth amendments to the United States Constitution. The claims raised in this Complaint seek to redress the defendant's deprivation and violation, under color of state law, of the rights, privileges and immunities secured for plaintiff under the aforedescribed amendments to the United States Constitution.

3. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1391.

4. Jurisdiction is founded upon Title 28, United States Code §§1331 and 1342, Title 42, United States Code §1984 and the aforementioned statutory and constitutional provisions.

### III.      PARTIES

5. The plaintiff, NICHOLAS RUBINO, has been at all times relevant to this complaint, a

1

citizen of the United States and a resident of the Town of Avon, Connecticut.

6. The defendant, JOHN R. SADDLEMIRE (hereinafter "Defendant SADDLEMIRE"), is and was at all relevant times mentioned in this complaint, the vice president for student affairs, for the University of Connecticut, a state-owned and operated institution of higher learning with its main campus located in the Town of Manfield, Connecticut. Defendant SADDLEMIRE, as the representative of the University of Connecticut charged with enforcing the student disciplinary code for the university, is sued in his personal and official capacities.

IV. **FACTUAL ALLEGATIONS**

7. In the early morning of April 6, 2004, Plaintiff RUBINO was in the parking area adjacent to the Celeron Square Apartments in Mansfield, Connecticut. Said apartment complex is neither owned nor operated by the University of Connecticut. Plaintiff RUBINO, along with several other University students, was celebrating a University of Connecticut sporting victory.

8. At the aforedescribed time and place, a University of Connecticut campus police officer seized Plaintiff RUBINO and arrested him, after he stepped off a vehicle on which he had been standing.

9. On April 14, 2004 and on May 6, 2004, Plaintiff RUBINO received notice that he was charged with the following violations of University policy:

   A. Part II, B-2: Participating in or inciting others to participate in the violent disruption or obstruction of any University activity including but not limited to teaching, research and administration.

   B. Part II, B-3: The threat of or actual physical assault or abuse, including sexual assault and unwelcome sexual contact; hazing; stalking; verbal abuse,

        intimidation, and coercion, and disrespectful behavior; or other conduct that threatens or endangers the health or safety of any person.

    C.    Part II, B-5: Attempted or actual theft of property or services, unauthorized possession, duplication, or misuse of or damage to University property or other personal or public property, including but not limited to records, electronic files, telecommunications systems, forms of identification, and keys.

10. A hearing was held on May 20, 2004, before Karen Bresciano, an Assistant Dean of Students, who answers to the defendant.

11. During the hearing, the University called upon the arresting officer, Michael Fensley, who testified that he witnessed Plaintiff RUBINO celebrating on top of a car with several other students on April 6, 2004.

12. The University offered Officer Fensley's police report into evidence. The report states that Plaintiff RUBINO was "disrespectful and belligerent" at the time of the arrest. No other evidence was presented concerning the alleged activities of the plaintiff.

13. The University also offered evidence of an earlier matter involving the plaintiff, for which no parental notification letter was issued, as is required by University policy.

14. On May 21, 2004, a finding was made by Bresciano that Plaintiff RUBINO was "responsible" for the following charges:

    a.    Part II, B-2: Participating in or inciting others to participate in the violent disruption or obstruction of any University activity including but not limited to teaching, research and administration.

    b.    Part II, B-3: The threat of or actual physical assault or abuse, including sexual assault and unwelcome sexual contact; hazing; stalking; verbal abuse, intimidation, and coercion, and disrespectful behavior; or other conduct that

        threatens or endangers the health or safety of any person.

    c.    Part II, B-5: Attempted or actual theft of property or services, unauthorized possession, duplication, or misuse of or damage to University property or other personal or public property, including but not limited to records, electronic files, telecommunications systems, forms of identification, and keys.

15.    Bresciano found the plaintiff "responsible" of the above mentioned charges based on the following "information":

    a.    Plaintiff Rubino was one of several people up on top of an overturned vehicle at Celeron after the NCAA championship.

    b.    Plaintiff Rubino was taking pictures of the crowd.

    c.    Plaintiff Rubino was arrested by University Police when he jumped off the vehicle.

16.    As a result of Bresciano's ruling, the plaintiff was suspended from the University, commencing April 14, 2004 through May 31, 2006. The University also ordered that academic credits earned by the plaintiff from other institutions during the period of suspension would not be accepted or recognized at the University.

17.    The plaintiff appealed the decision to Defendant Saddlemire on or about May 26, 2004. This appeal was denied by the defendant on or about June 10, 2004, and exhausted the plaintiff's administrative remedies.

18.    In order to establish a procedure consistent with the due process of rights of students, including the plaintiff, the University of Connecticut's Board of Trustees on or about November 10, 1998, established and approved "The Student Code" with procedures to be followed in the event of allegations of misconduct. The relevant version of said Student Code was distributed to the plaintiff by Defendant SADDLEMIRE in approximately

September, 2003.

19. Part II of the Student Code provides, *inter alia*, that "[t]he Associate Dean of Students for Judicial Affairs or designee shall make the final determination on what constitutes a potential violation of *The Student Code* and shall establish the specific charges(s) as appropriate."

20. Part III 1 of the Student Code provides, *inter alia*, that a student charged with misconduct shall have a right to "[b]e notified of all charges by means of the address provided by the student via the Registrar's Office."

21. Part IV A 2 of the Student Code provides, *inter alia*, that "[t]he Associate Dean of Students for Judicial Affairs or designee will...notify the accused student of any charges."

22 Plaintiff RUBINO has the right to appeal to the Vice President for Student Affairs, pursuant to Part IV, F of the Student Code.

V **FIRST CAUSE OF ACTION (violation of the due process clause of the Fourteenth Amendment to the United States Constitution)**

1. The allegations contained in paragraphs 1 through 22 are hereby incorporated by reference as if set forth herein.

23. The defendant violated the plaintiff's due process rights in the following ways:

   a. He failed to give the plaintiff proper notice of the specific charges levied against him, as required by University policy, noted in Paragraph 15 above. The notices sent on April 14 and May 6, 2003 listed at least eleven offenses with which the plaintiff was being charged, most of which have no connection whatsoever with the allegations against the plaintiff. Therefore, the plaintiff was left to speculate about the charges to be applied at his hearing.

   b. The evidence presented at the hearing did not constitute substantial evidence to

        sustain the hearing officer's findings.  No evidence was presented that the plaintiff violated any of the rules cited by the hearing officer.

    c.    The hearing officer's decision to suspend Plaintiff RUBINO for a period of two years was arbitrary and capricious in relation to the evidence of the plaintiff's actions.

    d.    Plaintiff RUBINO's due process rights were further violated when the defendant refused to provide him a copy of the recording of the May 20, 2004 proceedings, so that he could prepare a meaningful appeal of the decision.

    e.    The violations cited by the hearing officer in the May 21, 2004 decision, either as applied or on their face, are unconstitutionally vague and overbroad, and deprive the plaintiff of due process of law.

    f.    The notice provided to the plaintiff and the decisions of the hearing officer and defendant were arbitrary and capricious.

    g.    The defendant failed to issue a parental notification letter regarding an earlier Student Code violation, as required by University policy.

24.    As a result of the aforementioned violations of the plaintiff's due process rights, the plaintiff has suffered damages including loss of tuition, and educational opportunities, and has been deprived of the right to receive academic credit for approved courses.

**V**    **SECOND CAUSE OF ACTION (violation of the plaintiff's first amendment rights)**

1.    The allegations contained in paragraphs 1 through 24 are hereby incorporated by reference as if set forth herein.

25.    The hearing officer found the plaintiff "responsible" for the charge of disrespectful

behavior, in violation of Part II, B-3 of the Student Code, subsequently affirmed by the defendant.

26. Since the only evidence of the plaintiff's involvement in disrespectful behavior is noted in the University of Connecticut campus police report, where the plaintiff is reported as "disrespectful and belligerent" at the time of the arrest, it necessarily violates the first amendment rights of the plaintiff to protest the conduct of police officers, including campus security officers working outside of their assigned campus jurisdiction.

WHEREFORE, the plaintiff prays that this Court:

1. Award compensatory damages to the Plaintiff

2. Award punitive damages to the Plaintiff.

3. Award attorney's fees pursuant to 42 U.S.C. §1988.

4. Award costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.

5. Enter a permanent injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, enjoining the defendants from enforcing any disciplinary action imposed on the plaintiff as a result of any proceedings that occurred on May 20, 2004, as provisions of the University of Connecticut Student Code, Parts I and II, were improperly applied against the plaintiff, and/or violated the plaintiff's right to due process of law;

6. Issue a declaratory ruling, pursuant to Rule 57 of the Federal Rules of Civil Procedure and Title 28 U.S.C. § 2201, that the provision of the University of Connecticut Student Code, Part I B is unconstitutional as applied under the fourteenth amendment to the United States, and that Part II, B-3 is unconstitutionally overbroad in violation of the first amendment.

THE PLAINTIFF – NICHOLAS RUBINO

By: _____

Jon L. Schoenhorn
Jon L. Schoenhorn & Associates
His Attorneys